# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARIE WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-03483-CV-S-DGK |
| | ) | |
| DEPUTY PAUL BRASHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING PENDING MOTIONS

This civil rights action involves personal injuries allegedly sustained by Plaintiff Marie Womack during her arrest for driving under the influence. Plaintiff alleges that Howell County Sheriff's Deputy Paul Bradshaw used excessive force in wrestling her to the ground following her initial detention. After the incident, Plaintiff filed a three-count lawsuit in this Court against Defendants Paul Bradshaw and Howell County, Missouri, alleging an excessive force claim under 42 U.S.C. § 1983 (Count I), municipal liability claim under 42 U.S.C. § 1983 (Count II), and a claim for attorneys' fees under 42 U.S.C. § 1988(b) (Count III).

Now before the Court are Plaintiff's Motion to Extend Discovery (Doc. 27), Defendants' Motion to Dismiss (Doc. 28), Plaintiff's "Motion for Leave to File Dismissal without Prejudice" ("Motion for Leave") (Doc. 32), Defendants' Motion to Compel Plaintiff's Deposition (Doc. 34), Defendants' Motion to Extend the Deadline for Dispositive Motions (Doc. 35), and Defendants' Motion in Limine (Doc. 36). For the reasons discussed below, Defendants' Motion to Dismiss (Doc. 28) is DENIED and Plaintiff's Motion for Leave (Doc. 32) and Defendants' Motion to Compel Plaintiff's Deposition (Doc. 34) are GRANTED. The Court withholds ruling upon the

remaining motions until after they are fully briefed and the Court rules upon Plaintiff's Motion to Dismiss without Prejudice.

## Discussion

**A. Plaintiff's failure to appear for a deposition does not warrant dismissal.**

Defendants request the Court dismiss Plaintiff's case for failure to prosecute. On October 30, 2013, one day before her scheduled deposition, Plaintiff informed Defendants that she would be unable to attend. Under the scheduling order (Doc. 12), discovery closed on November 1, 2013. Defendants contend dismissal is now warranted because Plaintiff's last-minute cancellation prevented them from deposing her prior to the conclusion of discovery. Plaintiff counters that she was medically unable to attend the deposition, promptly informed Defendants of her condition, and ensured Defendants she would reschedule the deposition.

Involuntary dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) is a "drastic and extremely harsh sanction." *Bergstorm v. Frascone*, --F.3d--, No. 12-2852, 2014 WL 867553, at *2 (8th Cir. Mar. 6, 2014) (internal quotation marks omitted). Here, although Plaintiff should have notified Defendants earlier of her inability to attend, her last-minute cancellation, standing alone, does not warrant dismissal. However, any future failure to attend scheduled depositions or last-minute cancellations may result in the Court imposing sanctions against Plaintiff. *See Bergstorm*, 2014 WL 867553, at *3 (noting that a plaintiff's failure to attend scheduled depositions and follow court ordered deadlines warranted a sanction).

**B. Plaintiff may file a motion for voluntary dismissal.**

Plaintiff requests leave of the Court to file a motion under Federal Rule of Civil Procedure 41(a)(2) for voluntary dismissal without prejudice. Plaintiff asserts that the lingering effects of her injury prevent her from effectively prosecuting this case.

The Court grants Plaintiff leave to file a motion for dismissal under Rule 41(a)(2). In their briefing, the parties shall focus upon whether voluntary dismissal is warranted in light of the following factors:

> Whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (internal quotation marks and citations omitted).

In briefing Plaintiff's motion, the parties shall comply with the following schedule. Plaintiff shall file her brief and suggestions in support within seven (7) days of entry of this order. Defendants shall file their suggestions in opposition within seven (7) days of Plaintiff's filing. Plaintiff may file a reply within three (3) days of Defendants' filing. No extensions of these deadlines will be given.

**C. Plaintiff is ordered to submit to a deposition or provide the court with an affidavit from her doctor stating the reasons she is incapable of attending a deposition.**

Defendants request the Court order Plaintiff to submit to a deposition because she cancelled the last scheduled deposition (Doc. 34). The Court ORDERS Plaintiff to submit to a deposition within fourteen days (14) of entry of this order. Plaintiff shall contact Defendants' counsel to schedule a time that is convenient for them. In lieu of submitting to a deposition, Plaintiff may submit an affidavit to the Court from Plaintiff's doctor outlining the reasons why she is medically unable to attend the deposition and discussing the expected duration of her current medical complications. Plaintiff must submit this affidavit within fourteen (14) days of entry of this order. Failure to comply with these directives may result in the imposition of sanctions.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 28) is DENIED and Plaintiff's Motion for Leave (Doc. 32) and Defendants' Motion to Compel Plaintiff's Deposition (Doc. 34) are GRANTED. Furthermore, the Court withholds ruling upon the remaining motions until they are fully briefed and until after the Court rules upon Plaintiff's forthcoming Rule 41(a)(2) motion. With respect to Defendants' Motion to Extend Deadlines (Doc. 35), Plaintiff shall respond to Defendants' motion within seven (7) days of entry of this order. All other dates in the scheduling order (Doc. 12) remain in full force until further notice of the Court.

**IT IS SO ORDERED.**

Date: March 21, 2014 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT